# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1297V
Filed: May 29, 2026

| | |
|---|---|
| CATHERINE CUTRONE,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
*Katherine Carr Esposito,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 27, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered an injury to her right shoulder and arm as a result of her September 12, 2018 influenza ("flu") vaccination. (*Id.*) On July 9, 2025, I issued my decision awarding damages in favor of petitioner. (ECF No. 76).

On October 10, 2025, petitioner filed a motion for attorneys' fees and costs. (ECF No. 81.) ("Fees App."). Petitioner requests attorneys' fees in the amount of $70,833.20 and attorneys' costs in the amount of $15,904.41. Fees App. at 1. Pursuant to General Order No. 9, petitioner certified that she incurred $32.91 in postage costs related to the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

prosecution of her petition. *Id.* at 2. Thus, the total amount requested is $86,770.52. On October 15, 2025, respondent filed a response to petitioner's motion. (ECF No. 82.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner filed a reply on October 20, 2025. (ECF No. 83.)

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the

reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following hourly rates of compensation for her attorneys: for Ms. Leah V. Durant ("LVD"), $377.00 for 2018, $380.00 for 2019, $395.00 for 2020, $420.00 for 2021, $441.00 for 2022, $463.00 for 2023, $486.00 for 2024, and $530.00 for 2025; for Mr. Mike Milmoe ("MM"), $584.00 for 2024; for Ms. Summer Abel ("SA"), $250.00 per hour for work performed in 2019 and $260.00 for 2020; for Mr. Richard Armada ("RA"), $400.00 for 2021, $420.00 for 2022, $441.00 for 2023; and $463.00 for 2024; and for Mr. Christopher Williams ("CW"), $341.00 for 2022. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary. I have identified several billing entries reflecting tasks considered administrative in nature, such as filing documents and preparing medical records and evidence for filing.[3] Many of these administrative entries appear to have been billed together with paralegal and/or attorney level work within the same entry, making it difficult to decipher the amount of time counsel expended on paralegal tasks versus administrative work. Although counsel properly applied a reduced rate for paralegal-level work, counsel should note that secretarial or administrative tasks should

---

[3] Some examples of billing entries reflecting administrative tasks: 8/27/19: "Analyze charts and evaluate medical report. Review and finalize filing. File Petitioner for Compensation," (1.50 hours). 9/9/19 (two entries): "Review and evaluate evidence. Draft and file Notice of Filing. File medical records as Exhibits," (combined total of 0.70 hours). 1/27/20: "Review file. Coordinate with DOJ Counsel. Draft and file Motion for Extension of Time," (0.20). 4/12/20: "Review and evaluate evidence. Draft and file Notice of Filing. File petitioner's supplemental affidavit," (0.20). 4/12/20: "Draft and file statement of completion," (0.20). 1/13/21: "Review case file. Draft and file status report," (0.20). 4/15/21: "Review case file. Draft and file status Report," (0.20). See also additional dated entries reflecting the same administrative tasks of filing documents: 9/30/21, 12/13/21, 3/18/22, 6/30/22, 8/8/22, 2/1/23. *See* Fees App. Ex. 1.

not be billed at all, regardless of who performs such task. *See, e.g.*, *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Likewise, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."[4] Accordingly, I hereby apply a *five* percent reduction to the fees, to account for this issue. This results in a reduction of **$3,541.66**.

Petitioner is therefore awarded final attorneys' fees of **$67,291.54.**

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,904.41 in attorneys' costs, comprised of acquisition of medical records, postage, the Court's filing fee, and for expert services provided by Dr. Uma Srikumaran, M.D. *See* Fees App. Ex. 2 at 2-27.

Finally, pursuant to General Order No. 9, petitioner states that personal costs were incurred in the amount of $32.91 for postage and scanning charges. Fees App. Ex. 2 at 2. Petitioner has provided adequate documentation supporting the requested costs and she is awarded the full amount requested.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows:

**A lump sum in the amount of $83,228.86, representing reimbursement for petitioner's attorneys' fees, litigation costs and petitioner's out-of-pocket expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] See Guidelines for Practice at 76:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).